**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|  |  |  |
|---|---|---|
| JUAN THOMAS, | : | |
| | : | Civil Action No. 15-6740(RMB) |
| Petitioner, | : | |
| | : | **MEMORANDUM AND ORDER** |
| v. | : | **ON MOTION TO SEAL** |
| | : | |
| STEPHEN JOHNSON, | : | (SEALED) |
| | : | |
| Respondent. | : | |

This matter comes before the Court upon Respondents' Motion to Seal Materials in Accordance with Local Civil Rule 5.3 (("Mot. to Seal") (ECF No. 7), Petitioner's opposition to the motion (Reply to Answer to Petition for Habeas Corpus ("Pet'r Reply"), ECF No. 10 at 4), and Respondent's letter response (("Letter Resp."), ECF Nos. 12-13.)

On September 9, 2015, Petitioner filed a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254, challenging his state court conviction for first degree aggravated sexual assault, second degree sexual assault, and endangering the welfare of a child. (Pet., ECF No. 1.) Respondent filed an Answer to the Petition, including the relevant portions of the state court record. (Answer, ECF No. 8.) Respondent has requested that the

1

entire habeas record be sealed to protect the privacy of the victim, a child at the time of the underlying criminal proceeding. (Respondents' Brief in Supp. of Mot. to Seal Materials in Accordance with Local Civil Rule 5.3, ECF No. 7-1 at 6.) Respondent also notes the state court entered an order sealing the entire record in the underlying criminal case. (Id.) Respondent asserts that a less restrictive means than sealing the entire record would reveal the victim's identity because the record is replete with references to the victim by name, the victim's relationship with the petitioner, and the victim's family relationships. (Id.)

Petitioner asserts the victim has died, and there is no privacy interest to protect. (Pet'r Reply, ECF No. 10 at 4.) In response, Respondent argues that law and policy protect the privacy interests of child victims of sexual abuse even after death. (Letter Resp., ECF No. 12 at 1.)[1]

Local Civil Rule 5.3(c)(2) and (3) requires the court to consider, upon a motion to seal, (1) the nature of the materials or proceedings at issue; (2) the legitimate private or public interests which warrant the relief sought; (3) the clearly defined and serious injury that would result if the relief

---

[1] Respondent could not confirm that the victim died in a car accident.

sought is not granted, and (3) why a less restrictive alternative to relief is not available.

The nature of this proceeding is the Petitioner's habeas challenge to his conviction for first degree aggravated sexual assault, second degree sexual assault, and endangering the welfare of a child. The state court record, which is the subject of the habeas proceeding, has been sealed by the state court. It contains "extensive, detailed, and sensitive information depicting nearly a decade of sexual abuse" of a minor. (Letter Response, ECF No. 12 at 3.)

The legitimate interests here include the public's interest in open court records, the victim and his family's reputational interests, even after death of the victim, and the state's interest in protecting victims' rights to further the state interest of victims' participation in the criminal justice system.

The serious injury that would result from disclosure of the records here includes harm to the deceased victim's reputation by disclosure of information of a sexual nature, emotional distress of the victim's family as a result of the reputational harm to the victim, and eroding the willingness of child victims to participate in a criminal justice system that allows public disclosure of very sensitive and emotionally painful material.

Under New Jersey law, it is a Disorderly Persons offense to purposefully make available to the public court documents that contain the name, address, and identity of a victim who was under the age of 18 at the time of the alleged commission of the crime, absent a judicial finding of good cause. N.J.S.A. 2A:82-46(b). A similar federal law protects against disclosure of sensitive information concerning child victims. See 18 U.S.C. § 3509(d)(2). The federal statute has been enforced where the child victim was deceased at the time of the court filings. See United States v. Begay, 673 F.3d 1038, 1040 n.4 (9th Cir. 2011) (referring to child victim by initials pursuant to 18 U.S.C. § 3509).

There is a strong public policy interest in protecting child victims of sexual assault from public scrutiny even after death, because public disclosure of sensitive details of the crime may discourage other victims from coming forward and reporting crimes. See generally, State v. Timmendequas, 161 N.J. 515, 555 (1999) (discussing Crime Victim's Bill of Rights; N.J.S.A. 52:4B-35 et seq.). A child victim and his family have privacy interests in preventing public disclosure of details of a sexual nature regarding the child victim. Together, these interests outweigh the public interest in open court records in a habeas proceeding.

Finally, Respondent has represented that the state court record as a whole should be sealed because the record contains descriptions of persons and their relationships with the victim that would reveal the victim's identity even if the victim's name is not used. Thus, the Court finds there is not a less restrictive means to protect the privacy and public interest in protecting victims' rights in this matter.

IT IS therefore on this **22nd** day of **June 2016**,

**ORDERED** that Respondent's motion to seal the entire habeas record in this matter (ECF No. 7) is GRANTED; and it is further

**ORDERED** that the Clerk of Court shall seal this entire habeas record, including this Order; and it is further

**ORDERED** that the Clerk of Court shall serve this Memorandum and Order on Petitioner by regular mail.

s/RENÉE MARIE BUMB
**RENÉE MARIE BUMB**
**United States District Judge**